IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          :        CASE NO. 04-04781(GAC)

MAXON ENGINEERING SERVICES, INC.                :

                                                :        CHAPTER 7

    Debtor                                      :
_____         :

MAXON ENGINEERING SERVICES, INC.                :
REPRESENTED BY ITS CHAPTER 7 TRUSTEE            :        ADV. NO. 07-00227
NOREEN WISCOVITCH RENTAS                        :

    Plaintiff                                   :

vs.                                             :

                                                :

JUAN MIESES, ET AL.                             :

    Defendants                                  :
                                                :

OPINION AND ORDER

    This adversary proceeding is before the court upon the motion to dismiss filed co-defendants Arturo Lamarche, Juan Mieses and Maxon Engineering Incorporated, S.A. (collectively "Co-defendants") on February 11, 2009 (Docket No. 196) and the opposition to the motion to dismiss filed by Ms. Noreen Wiscovitch Rentas ("Plaintiff") on March 5, 2009 (Docket No. 219). On April 3, 2009 Co-defendants filed a reply to the opposition to the motion to dismiss (Docket No. 234) and Plaintiff sur-replied on May 7, 2009 (Docket No. 256). Co-defendants seek the dismissal of the case with prejudice because Plaintiff failed to serve process in accordance with the applicable laws, therefore, they argue that this court lacks *in personam* jurisdiction over them. For the reasons stated below the motion to dismiss is hereby denied.

Facts and Procedural Background

    The present adversary proceeding was filed on June 11, 2009 and summons were issued on the same date. On May 23, 2008 the court found Co-defendants in default for failure to answer the complaint (Docket No. 22). On May 27, 2008 Plaintiff filed a Certificate of Service (Docket No. 24) providing that Co-defendants had been served with a copy of the complaint filed in this case, the

summons, adversary sheet and other documents, with their Spanish translations. Service was certified by Mr. Bairo Rivera Rafogo, ordinary marshal for the judicial district of Santiago, Dominican Republic, through an attached sworn declaration. The Certificate of Service provides that Dr. Abraham Sued and Dr. Felipe Echevarria stated that they represented all defendants in this adversary proceeding and they agreed to receive service on their behalf at their offices in Santiago, Dominican Republic. Evidence of this was an unsworn declaration of Mr. Jose de Jesus Berges, Esq., legal representative of Maxon Engineering Services, Inc. in the Dominican Republic stating that Messrs. Sued and Echevarria informed him that they could be served with the complaint filed in this adversary proceeding at their offices. In accordance with their representations they were served on May 2, 2008 with such complaint and five subpoenas for depositions to take place in May and June 2008.

On September 24, 2008 Co-defendants filed a motion to set aside the entry of default (Docket No. 75) stating that they had not been properly served as they were not served personally or at their domicile as required by Article 68 of the Rules of Civil Procedure for the Dominican Republic made applicable through Rule 4(f) of the Federal Rules of Civil Procedure. Co-defendants also deny having authorized Messrs. Sued and Echevarria to receive summons, the complaint or any other document on their behalf as provided in their unsworn declarations attached to the motion to set aside the entry of default. In her response to the motion to set aside the entry of default filed on October 10, 2008 (Docket No. 84) the Plaintiff alleged that they had no reason to doubt Messrs. Sued and Echevarria when they stated that they had been authorized to receive summons and the complaint on behalf of Co-defendants and that in effect Co-defendants Juan Mieses and Arturo Lamarche appeared at depositions accompanied by Mr. Sued. Plaintiff agreed that the entry of default be vacated and requested the issuance of new summons and 30 days to serve Co-defendants. On November 20, 2008 the court granted Co-defendants motion to set aside default and granted Plaintiff 30 days to serve summons (Docket Nos. 114, 113). Also on November 20, 2008 the court denied a motion to dismiss for failure to serve summons within 120 days filed by other defendants in this action after finding good cause and/or excusable neglect as Plaintiff was induced to believe that attorneys in the Dominican Republic could be served on behalf of the defendants and she relied on the court's decision to enter the defendants' default and an order sanctioning defendants for not appearing at their

scheduled depositions (Docket No. 112).

On December 26, 2008 Plaintiff filed various certificates of service, three of which corresponded to service on Co-defendants Juan Mieses, Arturo Humberto Lamarche and Maxon Engineering Incorporated, S.A. (Docket Nos. 138, 141 and 140). Attached to each certificate of service as exhibit 1 was a sworn declaration signed by Anulfo Luciano Valenzuela, ordinary marshal in the Dominican Republic, on December 11, 2008, which certified that each Co-defendant was served with a copy of the complaint, the summons, the adversary cover sheet and other documents, along with the Spanish translations of the documents. Mr. Valenzuela certifies that he went to Mr. Mieses' residence located at Primera Street, No. 52, Ensanche Ferrand, Santo Domingo, and there he spoke personally with Mr. Josefino de los Santos who said he was Mr. Mieses' brother and served him with the above listed documents. He went to Arturo Humberto Lamarche's residence located at Plaza Comercial El Embajador, suite 208, calle Embajador, Jardines del Embajador, Bella Vista, Santo Domingo and there he spoke with Ms. Mercedes Marquez who said that she was his secretary and served her with the above listed documents. As to Maxon Engineering Incorporated, S.A., Mr. Valenzuela went to its principal place of business located at the same address he listed as Mr. Lamarche's residence and he spoke with Ms. Mercedes Marquez who stated that she was the secretary, and he served her with the documents.

On December 26, 2008 Co-defendants filed a motion requesting an extension of time of 30 days to answer the complaint or file a responsive pleading (Docket No. 137). In such motion they state that they received documents related to the service of process carried out by the Plaintiff in the Dominican Republic against Maxon S.A. and Mr. Lamarche and that they were in the process of commencing a legal action in the Dominican Republic in order to declare the above legal procedures null and void. The extension of time requested was granted by the court on December 30, 2008 (Docket No. 153). On December 31, 2008 the Plaintiff requested that the Co-defendants be instructed to file any objections to the service of process before this court and to extend the time to cure the alleged deficiency in the service of process or object to the same (Docket No 159). Plaintiff's request was granted on January 12, 2009 (Docket No. 169) and Co-defendants' motion in compliance with order was filed on February 2, 2009 (Docket No. 184) followed by the motion to dismiss pursuant to

3

Fed. R. Civ. P. 12(b)(2), (4) and (5) on February 11, 2009 (Docket No. 196) both of which argue that this court lacks *in personam* jurisdiction over the Co-defendants as the service of process was not conducted in accordance with the applicable laws of the Dominican Republic.

Co-defendants argue that Plaintiff consents they are citizens and/or permanent residents of the Dominican Republic and therefore the method of service is governed by Fed. R. Civ. P. 4(f)(applicable to individuals) and 4(h)(2)(applicable to business entities) which in turn dictate that service will be made in accordance with the laws of the foreign county which defendants are residents of. Co-defendants explains that "if no internationally agreed means of service is available, as in this case[1], ... a plaintiff may serve an individual in another country by a type of service reasonable calculated to give the defendant notice of the suit in the same manner as prescribed by the law of the foreign country." Docket No. 184 at p 7. Co-defendants state that Article 68 of the Rules of Civil Procedure for the Dominican Republic provides that service of process must be personally executed on the defendant at his domicile and "said article orders the Marshal to deliver the copy of the summons to other specific parties[2], if the defendant is not present at his domicile." Docket No. 184 at 8. A copy of Article 68 of the Rules of Civil Procedure for the Dominican Republic was attached as exhibit 1 to the motion to vacate entry of default, Docket No. 75. Co-defendants conclude that in this case service of process was deficient, thus null and void because Plaintiff failed to follow the above-cited rule. Co-defendants state that they initiated legal procedures before the Civil Courts in the Dominican Republic to nullify the service of process although no information regarding the outcome of these proceedings has been provided[3]. Finally, Co-defendants argue that the exercise of

_____

[1] The Dominican Republic is not a signatory to the Hague Convention on Service Abroad.

[2] These "specific persons" include any relatives, employees or servants at the defendant's domicile and if nobody is there a copy will be delivered to one of the neighbors who will sign the original.

[3] The actions for nullification of notice num. 1095-08 of December 11, 2008, of the process server Anulfo Luciano Valenzuela filed in the Dominican Republic, copies of which are attached to the motion to dismiss, allege that the summons for the plaintiff are totally null and void pursuant to Articles 35 and 36 of Public Law 834 of July 15, 1978 because Mr. Valenzuela's December 11, 2008 notice does not indicate the domicile of the corporation Maxon

4

jurisdiction over non residents defendants will violate the due process clause because Co-defendants have insufficient contacts with the forum state; and maintenance of the suit in the forum state will offend traditional notions of fair play and substantial justice. Co-defendants pray for the dismissal of the complaint with prejudice.

On March 5, 2009 Plaintiff filed an opposition to the motion in compliance with order and the motion to dismiss (Docket No. 219) which provides that the motion to dismiss does not specifically state why the service of process was deficient and includes as exhibits two Certificates of Custom signed by three practicing lawyers in the Dominican Republic in relation to the laws of the Dominican Republic regarding the matter. Plaintiff states that a Certificate of Custom "is a figure of International Private Law in which three practitioners certify that the law of a particular country in relation to a specific matter so a Court in a different country can have a clear picture of the status of the law in that country." Docket No. 219 at p 8, fn 4. One of such certificates concludes that the only court with jurisdiction over this matter is this one. The second certificate provides that they have examined the service of process certification signed by Mr. Valenzuela and have concluded that the service was conducted in compliance with the requirements of Articles 61, 65 and 67 of the Code of Civil Procedure of the Dominican Republic.

Also, Plaintiff argues that there can be no doubt that there are more than enough contacts to establish jurisdiction as Mr. Mieses was the principal, if not sole shareholder of Maxon Engineering Services, Inc. ("Debtor corporation" of "Debtor"). Arturo Lamarche worked for Debtor and conducted its business in the Dominican Republic and Maxon Engineering Incorporated, S.A. was an intimately related corporation owned by Mr. Mieses and used to administer Debtor's Dominican Republic operations. Also, this matter was already briefed and adjudicated by this court on November 20, 2008 when it determined that this is a core proceeding to recover property of the estate wherever

_____

Engineering Services, Inc. in the Dominican Republic for legal purposes, nor does said entity use the bar association to litigate, and because the documents served do not have the corresponding authority *(exequátur)* to be valid in the Dominican Republic.

These arguments are not raised in Co-defendants' motions pending determination before this court therefore they will not be addressed here.

5

located granting this court jurisdiction over it. See, 28 U.S.C. § 1334(e). Plaintiff also argues that Co-defendants improperly initiated a legal proceeding in the Dominican Republic to nullify the service of process because this is the court with jurisdiction as provided by 28 U.S.C. § 1334. Plaintiff states that also according to both Dominican and International Law this is the court with jurisdiction over this matter and any proceedings in the Dominican Republic to adjudicate the matter of the service of process are null and void for lack of jurisdiction.

Lastly, Plaintiff contends that Co-defendants submitted themselves voluntarily to the jurisdiction of the court. In support of her argument Plaintiff cites two cases: Adam v. Saenger, 303 U.S. 59 (1938) and Insurance Corp v. Compagnie Des Bauxites, 456 U.S. 694 (1982). According to Plaintiff, Co-defendants have requested several remedies to this court in writing (See Docket Nos. 60, 75, 76, 80, 81, 82 & 108), and in open court at the hearings related to sanctions and the garnishment of funds (See Docket Nos. 111 & 124). That they included the language "without submitting to the jurisdiction of the court" in their motions is irrelevant. "The actions of the defendant may account to a legal submission to the jurisdiction of the court, whether voluntary or not." Docket No. 219 at p 12.

Co-defendants filed a reply on April 3, 2009 (Docket No. 234) in which they state that the service was deficient in that Mr. Lamarche was not served at his residence and the documents were not delivered to him personally in violation of Articles 68 and 69 of the Code of Civil Procedure of the Dominican Republic. As to Maxon S.A. service was equally deficient in that the documents were delivered not to a partner but to a secretary not authorized to receive service of process of behalf of the company.[4] Mr. Juan Mieses submitted an unsworn declaration which provides that at the present time he does not reside at Calle Primera no. 52, Ensanche Ferrand, Santo Domingo and furthermore

---

[4] Attached to the reply is an unsworn declaration by Mr. Lamarche stating that the he does not live or have a permanent residence at Plaza Comercial El Embajador, suite #208, calle Embajador, Jardines del Embajador Bella Vista and that Ms. Mercedes Marquez is not a partner of Maxon S.A. and is not authorized by its partners to receive legal documents on behalf of Maxon S.A.

6

that he has not authorized his sister Josefina de los Santos[5] to receive legal documents on his behalf in the case of reference. Co-defendants also state that the Certificates of Custom are not under oath and provide no legal support to Plaintiff's position. Finally, Co-defendants deny having submitted voluntarily to this court's jurisdiction and argue that Plaintiff's reliance of the two above-cited Supreme Court cases is misplaced because the circumstances make them inapplicable. On May 7, 2009 Plaintiff filed a sur-reply (Docket No. 256) essentially restating their contention that Co-defendants voluntarily submitted themselves to the jurisdiction of this court and arguing that if Co-defendants truly reside in some other location they should offer proof of that to this court and provide the address where they reside. In the alternative Plaintiff requests she be given 20 days to serve Co-defendants by publication.

Applicable Law and Analysis

*Contacts*

In its motion to dismiss Co-defendants argue that the exercise of jurisdiction over non residents defendants will violate the due process clause because Co-defendants have insufficient contacts with the forum state and maintenance of the suit in the forum state will offend traditional notions of fair play and substantial justice. This argument was not raised again in Co-defendants' reply to Plaintiff's opposition. Co-defendants cited the case of World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) which provides that the Due Process Clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations. "The concept of minimum contacts, in turn, can be seen to perform two related but distinguishable functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." 444 U.S. at 291-292. In World Wide Volkswagen Corp. the Supreme Court held

---

[5] Mr. Valenzuela certified that he served Mr. Josefino de los Santos who stated that he was Mr. Mieses' brother. The incongruence, however, is irrelevant for our purposes.

that there was an absolute absence of contacts necessary for the exercise of state-court jurisdiction because the defendants did not carry any activity in the state where the action was filed (Oklahoma), they availed themselves of none of the benefits of Oklahoma law and solicited no business there. *Id.*

The complaint filed in this case raises causes of action under 11 U.S.C. §§ 544, 547, 548, 549, 550, 541 and 542, and based on fraudulent conveyance dispositions, breach of contract and tort. Plaintiff seeks to recover certain funds that were allegedly transferred from Debtor corporation to certain insiders that reside in the Dominican Republic, including Mr. Juan Mieses and Mr. Arturo Lamarche. Furthermore, the complaint provides that Debtor corporation created, under the laws of the Dominican Republic, Maxon Engineering, S.A. for the purpose of managing and operating power plants in the Dominican Republic it had built. The electric power produced by the plants was sold to the Dominican Republic Electric Power Authority ("DREPA") and Debtor invoiced DREPA for the electric power sold to them. On June 28, 2002, the contract with DREPA was terminated. As per Debtor corporation's accounting records Debtor invoiced DREPA $39.2 million and only $19.9 million were recorded as received and deposited in Debtor's bank accounts in Puerto Rico. DREPA maintains that they do not owe any monies to Maxon Engineering S.A. or the Debtor. Plaintiff seeks to recover the amount of $13.8 million from Maxon Engineering S.A. and its members of the Board of Directors. Additionally the complaint provides that an additional amount of $21,861,742.64 was transferred to the defendants through a fraudulent scheme. Furthermore, Maxon Engineering S.A. is an affiliate of the Debtor, Mr. Juan Mieses was the principal of the Debtor and stockholder and Mr. Arturo Lamarche worked together with Mr. Mieses managing the Debtor and/or Maxon Engineering S.A. On November 20, 2008 this court determined that it has jurisdiction over this case as this is a core proceeding to recover property of the estate wherever located (Docket No. 115).

Fed. R. Bankr. P. 7004(f) provides the procedural basis for personal jurisdiction over defendants in adversary proceedings pending before a bankruptcy court. Under such rule a bankruptcy court has personal jurisdiction over a defendant if three requirements are met: (1) service of process has been made in accordance with Rule 7004 or Fed. R. Civ. P. 4; (2) the court has subject matter jurisdiction under 28 U.S.C. §1334; and (3) the exercise of jurisdiction is consistent with the Constitution and laws of the United States. 10 Alan N. Resnick and Henry J. Sommer, Collier on

8

Bankruptcy ¶ 7004.07 (15th Ed. Rev'd 12/2007). Co-defendants' lack of minimum contacts' argument relates to the third prong of this test.

Because Fed. R. Bankr. P. 7004(d) provides for nationwide service of process in adversary proceedings, the local long-arm statute does not apply to obtain jurisdiction over an alien defendant, the inquiry is limited to whether asserting jurisdiction over a defendant comports with the due process standards of the Federal constitution. In re Banco Latino Intern., 176 B.R. 278, 281 (Bankr. S.D. Fla. 1994). "[F]ederal courts hold that in order to determine whether a defendant is constitutionally amenable to service of process in an adversary proceeding in bankruptcy, the federal bankruptcy court's assertion of personal jurisdiction need only satisfy the Due Process Clause of the Fifth Amendment to the U.S. Constitution. In re Teknek, LLC, 354 B.R, 181, 192 (Bankr. N.D. Ill. 2006); See, 4 Charles Alan Wright, Arthur R. Miller, Federal Practice and Procedure Civ. 3d, § 1068.1 (2009). For personal jurisdiction to be proper, the Due Process Clause requires that the defendant have "minimum contacts" with the forum and although the "minimum-contacts" test is premised on the Due Process Clause of the Fourteenth Amendment, courts typically apply the same test when they are faced with Fifth Amendment jurisdictional disputes. In re Federalpha Steel, LLC, 341 B.R. 872, 887, fn 11 (Bankr. N.D. Ill., 2006)(citations omitted).

The minimum-contacts analysis under the federal constitution has two components: "1) whether the defendant has reached out to the sovereign's jurisdiction by purposely establishing sufficient minimum contacts with that forum to have availed himself of the privileges and protections of conducting activities with the forum [6] and 2) whether any jurisdiction asserted on account of the minimum contacts comports with traditional notions of fair play and substantial justice." Teknek, 354 B.R. at 193 citing Burger King Corp v. Rudzewicz, 471 U.S. 462, 472-478 (1985); Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 108-116 (1987); International Shoe Co. v. Washington, 326 U.S. 310 (1945); YKK USA v. Baron, 976 F.Supp. 743, 745-746 (N.D. Ill. 1997); Federalpha, 341 B.R. at 887-88. "The "crucial inquiry" is whether the contacts with the forum are

_____

[6] Under the Fifth Amendment, due process requires that the party have minimum contacts with the United States as a whole and not a particular state. U.S. v. De Ortiz, 910 F.2d 376, 382 (7th Cir. 1990)

9

such that the defendant "should reasonably anticipate being haled into court there." Federalpha, 341 B.R. at 887.

It is uncontested that Mr. Mieses and Mr. Lamarche were directly involved in the management of the Debtor corporation, and Maxon Engineering Incorporated, S.A. is an affiliate doing business for Debtor, thus they are all insiders of the Debtor corporation. See, 11 U.S.C. § 101(31)(B) and (E). It is alleged that Mr. Mieses and Mr. Lamarche were at one time situated in Puerto Rico and that the Debtor corporation transferred a substantial amount of money to these individuals. It is also alleged that they retained in the Dominican Republic funds that belong to the Debtor corporation. Therefore, Co-defendants have purposely established sufficient minimum contacts with this forum and have availed themselves of the privileges and protections of conducting activities here invoking the benefits and protections of its laws. These Co-defendants could have reasonably anticipated been a party to a suit in this jurisdiction.

Whether the exercise of jurisdiction will offend traditional notions of fair play and substantial justice entails examining the hardship that appearing in this forum will pose to Co-defendants, the interests of the plaintiff and this forum's interest in adjudicating the dispute. Federalpha, 341 B.R. at 888. The defendant has the burden of showing that jurisdiction is unreasonable. Id.

The exercise of jurisdiction in this case will comport with "traditional notions of fair plan and substantial justice". The burden on the Co-defendants of litigating here will be minimal as travel from the Dominican Republic is fast and relatively inexpensive and lacks the shock of a different culture. Furthermore, this court is vested with the jurisdictional responsibility of adjudicating this core fraudulent transfer proceeding brought by the Chapter 7 trustee of a debtor corporation against some of its insiders and others. Co-defendants have failed to meet their burden of showing that this court's exercise of personal jurisdiction over them will upset traditional notions of fair play and substantial justice. Conversely, the relationship between the parties show sufficient contacts to establish personal jurisdiction, particularly because they availed themselves of the advantages of conducting commerce activities in this jurisdiction. See, Cormier v. Fisher, 404 F.Supp 2d 357 (D. Me., 2005).

*Voluntary Submission to this court's jurisdiction*

This court disagrees with Plaintiff's argument that Co-defendants have submitted themselves to the jurisdiction of this court. The two Supreme Court cases cited in support of Plaintiff's argument are distinguishable from the case at bar and are thus inapplicable. In Adam v. Saenger, 303 U.S. 59 (1938) the Supreme Court held that a California procedure permitting in personam jurisdiction in a cross-action against a plaintiff did not violate the Fourteenth Amendment as the plaintiff submitted himself to the jurisdiction of the court. The Court stated that "[t]he plaintiff having, by his voluntary act in demanding justice from the defendant, submitted himself to the jurisdiction of the court [thus] there is nothing arbitrary or unreasonable in treating him as being there for all purposes for which justice to the defendant requires his presence." 303 U.S. at 67-68. In Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982) the Supreme Court held that a district court may proceed on the basis that personal jurisdiction over the recalcitrant party has been established as a sanction for failure to comply with a discovery order directed at establishing jurisdictional facts.

Plaintiff argues that Co-defendants, by appearing before this court in writing and at hearings have voluntarily submitted themselves to the jurisdiction of this court. Co-defendants state in their motions that all their filings in this case relate to requests to set aside the entry of default, garnishments and sanctions imposed upon them and their property. Unlike the situation in the case of Adam v. Saenger, Co-defendants have not initiated an action as plaintiffs. Co-defendants have only come to this court to defend themselves from actions taken against them. Furthermore, this case is not about sanctions for failure to comply with discovery orders as was the case of Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee.

*Service of Process*

Fed. R. Civ. P. 4(f) made applicable here through Fed. R. Bankr. P. 7004 provides the way in which an individual in a foreign country and a foreign partnership[7] will be served.

---

[7] Fed. R. Civ. P. 4(h) made applicable here through Fed. R. Bankr. P. 7004 provides that:

11

**(f) Serving an Individual in a Foreign Country**. Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is not internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Accordingly, in order to serve an individual in a foreign country or a foreign partnership the plaintiff must first determine if there are procedures for service established in any international treaty, reasonably calculated to give notice, between the United States and the foreign country where the defendant resides, if one exists. Elisan Entertainment, Inc. v. Suazo, 206 F.R.D. 335, 336 (D. Puerto Rico 2002). If such international agreed means of service does not exist, then the party serving process must do so using one of the several methods provided by subsection (f)(2) which should not be read as hierarchical. Id.; Rio Properties, Inc. v. Rio Intern., 284 F.3d 1007, 1014-1015 (9th Cir. 2002). The parties agree that the Dominican Republic is not a member state of the Hague Conference on Private International Law, and has never ratified or signed the Convention on

---

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) ...

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

12

the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. They consent that there is not an international agreed means of service. See, Elisan, 206 F.R.D. at fn.1.

As stated above Plaintiff sought service of process through a marshal in the Dominican Republic who went to the purported residential address of each individual Co-defendants and the place of business of the partnership, in accordance with the Rules of Civil Procedure of the Dominican Republic, and left copies of the summons, the complaint and other legal documents with a relative (in the case of Mr. Mieses) and a secretary (in the case of Mr. Lamarche and Maxon Engineering Incorporated, S.A.). Articles 68 and 69 of the Rules of Civil Procedure of the Dominican Republic provide that an individual may be served personally or at his domicile, and a partnership may be served at its place of business or *casa social*. This method of service comports with the first option of the above cited Fed. R. Civ. P. 4(f)(2). The second option provides for service as the foreign authority directs in response to a letter rogatory or letter of request, the third for delivering a copy of the summons and the complaint personally or using any form of mail and the fourth by other means as the court orders not prohibited by international agreement. The service of process conducted does not satisfy any of these other methods provided by this rule.

Mr. Mieses and Mr. Lamarche have submitted unsworn declarations each which provide that they do not live or have a permanent domicile where service of process was conducted and therefore the service was deficient. In fact both Mr. Lamarche and Maxon Engineering Inc., S.A. were served at the same address which seems to be Maxon Engineering Inc., S.A.'s place of business as it was the secretary who received the summons on their behalf. The Rules of Civil Procedure of the Dominican Republic require that service be made personally or at the defendant's domicile. Therefore, this court concludes that service of process was deficient as to these individuals.

The Rules of Civil Procedure of the Dominican Republic require that service on a partnership be made at its place of business or *casa social*. Maxon Engineering Incorporated, S.A. does not argue that service was not made at its place of business, it argues that it was received by a secretary not authorized by the partnership to receive summons on behalf of the partnership. However, the Rules of Civil Procedure of the Dominican Republic do not require that service be made on a partner. Therefore, Maxon Engineering Inc., S.A.'s only argument as to the deficiency of the service fails.

13

This court concludes that service of process on the partnership was proper.

Co-defendants request that if this court finds that service of process was insufficient, that they be given 20 days to serve Co-defendants by publication. Fed. R. Civ. P. 4(f)(3) permits service in a particular case to be tailored to the necessities of the situation when none of the other methods of service expressly provided for in the rule are likely to be successful, the only proscription on the court's discretion is that the method not be prohibited by international agreement. 4B Wright and Miller, Federal Practice and Procedure: Civil 3d, § 1134. Also, due process concerns require that notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." United States v. Giraldo, 45 F.3d 509, 511 (1st. Cir. 1995) citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Service by publication to a defendant in a foreign country is an acceptable alternative means of service under Rule 4(f)(3) particularly when there have been other attempts to locate the defendants and serve them by traditional means, the publication is likely to reach the defendants and the defendants have some knowledge of the existence of the suit. BP Products North America, Inc. v. Dagra, 236 F.R.D. 270, 272 (E.D. Va. 2006).

It has been established that there is no agreement between the United States and the Dominican Republic regarding service of process. Furthermore, in her first attempt at service of process Plaintiff was mislead into thinking that Co-defendant's attorney was authorized to accept service on their behalf, which subsequently turned out not to be the case. Then Plaintiff tried serving Co-defendants Messrs. Mieses and Lamarche at their domiciles of record. Both Co-defendants submitted unsworn declarations stating that they do not live or have a permanent address where service was conducted but they failed to provide their current address. It is unquestionable that Co-defendants are aware of this suit pending against them.

In light of these circumstances this court considers an acceptable method of service on these individual Co-defendants publication in a daily newspaper of general circulation in the Dominican Republic in both English and Spanish in the form dictated by Rule 4.5 of the Puerto Rico Code of

14

Civil Procedure, 1979, 32 App. III L.P.R.A. R. 4.5[8].

_____

[8] Rule 4.5 of the Puerto Rico Code of Civil Procedure, 1979, provides as follows:

Rule 4.5. Service by edicts and publication thereof

(a) The court shall issue an order providing for a summons by publication when the person to be served is outside of Puerto Rico or if in Puerto Rico, cannot be located although pertinent attempts have been made to locate him/her, or when the person goes into hiding to avoid being served, or if it is a foreign corporation with no resident agent, and it is proved to the satisfaction of the court through an affidavit stating the steps taken, and said statement or sworn complaint filed states that justifies the granting of some relief against the person to be served or that said person is the proper party in the suit action. The return of process, unexecuted, shall not be a prerequisite for an order for service by publication.

The order shall provide that the summons shall be published only once in a daily newspaper of general circulation in Puerto Rico. The order shall also provide that, within the ten (10) days following the publication of the summons, the defendant shall be sent a copy of the summons and of the complaint filed, by certified mail, with acknowledgment of receipt, or through any other mail delivery service with acknowledgment of receipt, provided said entity has no ties with the defendant nor any interest in the suit, to his/her last known address, unless a sworn statement is made justifying that in spite of the steps taken, which shall be stated, it has been impossible to find any known address of the defendant, in which case the court will excuse compliance of this provision.

(b) The summons shall contain the following information:

(1) Title-- Service by Edict
(2) Part of the Court of First Instance
(3) Case number
(4) Plaintiff's name
(5) Name of defendant to be served
(6) Type of action
(7) Name, address and telephone number of plaintiff's attorney
(8) Name of person issuing the summons through publication
(9) Date of issue
(10) Term within which the person so served shall answer the complaint, as provided in Rule 10.1, and a warning that if he/she fails to answer the complaint by filing the original of the answer with the corresponding court, with a copy to plaintiff, the contempt shall be entered and judgment shall be rendered granting the remedy sought without further summons or hearing. The summons shall identify in ten (10)-point bold black letters,

15

*Dismissal With Prejudice*

Co-defendants request the dismissal of the action with prejudice as this was Plaintiff's second attempt to serve Co-defendants. As stated above, on November 20, 2008 this court found that Plaintiff had been led to believe that the attorneys in the Dominican Republic could be served on behalf on the defendants, and she relied on the court's decision to enter the defendant's default and order sanctioning defendants for not appearing at their scheduled depositions (Docket No. 112). Later, when she learned that these attorneys were in fact not authorized by their clients, she proceeded to serve Co-defendants in accordance with the Rules of the Dominican Republic. This second time she served Mr. Mieses and Mr. Lamarche at addresses she thought corresponded to their domiciles. In light of these events, this court finds that Co-defendants have not raise reasonable grounds in support of a dismissal with prejudice.

A motion under Fed. R. Civ. P. 12(b)(4) and 12(b)(5), such as this one, differs from other 12(b) motions in that it offers the court a course of action of quashing the service without dismissing the action. 5B Wright and Miller, <u>Federal Practice and Procedure: Civil 3d</u>, § 1354. In the case of a dismissal the Plaintiff may simply reinstate the action and serve defendants again, but the service is quashed and the action preserved in those cases in which there is a reasonable prospect that the plaintiff will ultimately be able to serve the defendant properly. *Id.* Plaintiff herein has requested 20 days to serve the Co-defendants through publication in view that she ignores Mr. Mieses and Mr.

---

every first mention of a natural and/or juridical person who is summoned thereby.

If the complaint is amended at any time before the appearance of the defendant summoned by publication, said amended complaint shall be served on him/her in the manner provided by the applicable rule on service.

In the case of defendants who are away from Puerto Rico, the plaintiff may substitute personal delivery of copies of the complaint and the summons on the defendant, for summons by publication. Service of summons in this case shall be made pursuant to Rule 4.3.

PR ST T. 32 Ap. III, Rule 4.5.

Lamarche's domiciles. This court finds that the Plaintiff may properly serve Mr. Mieses and Mr. Lamarche through publication, therefore dismissal of this case is not warranted.

Conclusion

In view of the foregoing, Co-Defendants' motion to dismiss is hereby DENIED. Mr. Juan Mieses and Mr. Arturo Lamarche were improperly served, therefore Plaintiff is granted thirty (30) days to serve these Co-defendants through publication in a daily newspaper of general circulation in the Dominican Republic, in both English and Spanish, in the form dictated by Rule 4.5 of the Puerto Rico Code of Civil Procedure, 1979, 32 App. III L.P.R.A. R. 4.5.

SO ORDERED.

In San Juan, Puerto Rico, this 21st day of September 2009.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge