IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    :          CASE NO. 04-04781(GAC)

MAXON ENGINEERING SERVICES, INC.                          :

                                                          :          CHAPTER 7

        Debtor                                            :

_____                  :

MAXON ENGINEERING SERVICES, INC.                          :
REPRESENTED BY ITS CHAPTER 7 TRUSTEE                      :          ADV. NO. 07-00227
NOREEN WISCOVITCH RENTAS                                  :

        Plaintiff                                         :

vs.                                                       :

                                                          :

JUAN MIESES, ET AL.                                       :

        Defendants                                        :

OPINION AND ORDER

This adversary proceeding is before the court on the motion to dismiss filed by Co-defendant G & G Developers Corp. ("G&G") on February 23, 2009 (Docket No. 211). The Chapter 7 Trustee, Noreen Wiscovitch Rentas ("Plaintiff") filed an opposition to the motion to dismiss on March 30, 2009 (Docket No. 233) and G&G replied on April 21, 2009 (Docket No. 250). Plaintiff filed a sur-reply on May 7, 2009 (Docket No. 255). The motion to dismiss is based on two grounds, to wit, failure to prosecute and to comply with notice pleading requirements or state a claim for relief. For the reasons stated herein the motion to dismiss is hereby denied.

G&G alleges in its motion to dismiss that Plaintiff initiated this adversary proceeding in June 2007 and did not serve the complaint on G&G until one and a half years later. According to G&G this shows Plaintiff's lack of diligence and disregard of statutory deadlines warranting the dismissal of the case. G&G cites Fed. R. Civ. P. 4(m) which provides that service of the summons and complaint shall be made upon a defendant within 120 days after the filing of the complaint or the court may dismiss the action without prejudice or direct that service be effected

within a specified time.  If Plaintiff shows good cause for the failure to timely serve process, the court shall extend the time for service for an appropriate period.  G&G seeks the dismissal of the action pursuant to Fed. R. Civ. P. 12(b)(5) for Plaintiff's delay of one year and a half is inexcusable.  G&G alleges that if the Plaintiff had exerted even a modicum of due diligence she would have been aware of the fact that G&G is a corporation with its principal and only place of business in Puerto Rico but instead lumped G&G with all of the defendants residing in the Dominican Republic and the delay was caused partly because G&G was originally served through an attorney in the Dominican Republic.

Additionally G&G states that the complaint does not identify G&G as a party and there is no cause of action alleged against them, the thirteenth cause of action is directed to Mr. Juan Mieses and not G&G.  According to G&G, Fed. R. Civ. P. 8(a)(2) consists of a threshold requirement, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled for relief ...", which Plaintiff did not meet.  G&G posits that a fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest and that they did not receive this fair notice as the complaint does not set forth any action by G&G, or role of G&G that could be cognizable grounds for an adversary proceeding.  Allegedly, the thirteenth cause of action does not reference any legal grounds, or contain facts upon which a cognizable legal theory against G&G could be discerned therefore the complaint against G&G should be dismissed for failure to state a claim and failure to meet the basic requirements of Rule 8(a).

In its opposition Plaintiff states that the motion should be denied for the same reasons discussed in the order dated November 20, 2008 (Docket No. 112) which concludes that Plaintiff was induced to believe that the attorneys in the Dominican Republic could be served on behalf of the defendants, noting that Mr. Juan Mieses is or was a principal of G&G and Plaintiff was led to believe that he would receive summons in the Dominican Republic through his attorneys there.  Plaintiff understood, based on the communications with these attorneys from the Dominican Republic, that G&G had been properly summoned until she learned otherwise on June 2, 2008.  Plaintiff states that the bankruptcy court may grant an extension of the 120-day deadline to

effectuate service upon a showing of excusable neglect and in this case the standard of excusable neglect was met. Furthermore, if the extension is not granted the Federal Rules of Civil Procedure provide for the dismissal with prejudice Plaintiff argues will only cause a substantial delay of the proceedings.

Regarding the failure to comply with the pleading requirements Plaintiff argues that G&G is specifically mentioned and included in the thirteenth cause of action for recovery of fraudulent transfers, preferential transfers and/or turnover of property of the estate. Plaintiff maintains that the complaint complies with the requirements of Fed. R. Civ. P. 8(a) and 9(b), as to satisfy 8(a)(applicable to the avoidance action) the complaint only needs to provide a "short and plain statement" of the action that simply provides a notice to the defendant of what the trustee's claims are, and as to 9(b) its particularity requirements are applied liberally in the bankruptcy context, particularly when, as here, it is a third party outsider to the fraudulent transaction (a trustee) the entity asserting the claim, and where as in this case, the factual information is within the defendant's control. Plaintiff states that in the context of avoidance actions it is inappropriate to focus entirely on the particularity required under Fed. R. Civ. P. 9(b) without taking into account the general simplicity and flexibility of Fed. R. Civ. P. 8(a)(2). Plaintiff contends that G&G's only property was purchased with money from the estate for no consideration as clearly expressed on allegation #99, and as alleged in allegation #100 G&G continued receiving avoidable payments from Maxon Engineering Services, Inc. (the "Debtor") until the filing of the petition. According to Plaintiff, Mr. Juan Mieses is mentioned as part of the thirteenth cause of action to make clear that he was the principal of both companies, make G&G a related corporation and an insider pursuant to 11 U.S.C. §101(31) and because the fact that Mr. Mieses benefitted from the transfers is an essential part of the claim or the fraudulent transfers might not be avoidable.

In its reply to Plaintiff's opposition G&G again points out that Plaintiff failed to make even a modicum of effort to discern the location or address of G&G which cannot be blamed on the Dominican Republic attorneys, and even when they learned, on June 2, 2008, that these attorneys were not authorized to receive summons on behalf of G&G, it took her 7 more months to serve G&G on December 29, 2008. Furthermore, the thirteenth cause of action does not even

3

mention the words "fraudulent", "preferential", or "turnover" although Plaintiff alleges is for the recovery of fraudulent transfers, preferential transfers and/or turnover of property of the estate, thus, the nature of the claim is not apparent from the face of the complaint as required by Fed. R. Civ. P. 8(a). Plaintiff sur-replied that a corporation may be served through an owner and Plaintiff was mislead into thinking that Mr. Mieses' attorneys were authorized to accept service of process on his behalf and that of G&G. And as to G&G's allegation that it took her 7 more months to serve defendants after learning that service had been insufficient, Plaintiff states that on June 19, 2008 Plaintiff filed a motion stating that she did not oppose that the default be set aside and requested thirty days to serve the defendants again. Such request was granted on November 20, 2008, thus service was effectuated as soon as practicable under the circumstances. Again, Plaintiff maintains that she met the standard for excusable neglect as delineated by the U.S. Supreme Court in the case of Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 113 S.Ct. 1489 (1993), thus an extension of the 120-day period prescribed by Fed. R. Civ. P. 4(m) is warranted.

Facts and Procedural Background

The present adversary proceeding was filed on June 11, 2007 and summons were issued on the same date. On May 23, 2008 the court found all defendants in default for failure to answer the complaint (Docket No. 22). On May 27, 2008 Plaintiff filed a Certificate of Service (Docket No. 24) providing that G&G and others had been served with a copy of the complaint filed in this case, the summons, adversary sheet and other documents, with their Spanish translations. Service was certified by Mr. Bairo Rivera Rafogo, ordinary marshal for the judicial district of Santiago, Dominican Republic, through an attached sworn declaration. The Certificate of Service provides that Dr. Abraham Sued and Dr. Felipe Echevarria stated that they represented all defendants in this adversary proceeding and they agreed to receive service on their behalf at their offices in Santiago, Dominican Republic. Evidence of this was an unsworn declaration of Mr. Jose de Jesus Berges, Esq., legal representative of Maxon Engineering Services, Inc. in the Dominican Republic stating that Messrs. Sued and Echevarria informed him that they could be served with the complaint filed in this adversary proceeding at their offices. In accordance with their

4

representations they were served on May 2, 2008 with such complaint and five subpoenas for depositions to take place in May and June 2008.

On June 2, 2008 Co-defendants Alexa Mieses, Joel Morales, Karem Mieses and KEMM Consulting Group Corp., requested that this court set aside the entry of their default (Docket No. 26) as they had not authorized the attorneys in the Dominican Republic to receive service on their behalf, thus service of process was defective.  On June 19, 2008 Plaintiff filed a response to the motion to set aside the default (Docket No. 27) consenting that the default entered against Karem and Alexa Mieses, Joel Morales, KEMM Consulting Group Corp be set aside and requesting the issuance of new summons and 30 days to serve summons and the complaint upon these defendants.  On July 29, 2008 Plaintiff filed a second motion for this court to set aside the default entered against the above mentioned defendants and 30 days to serve them (Docket No. 34).  This same group of defendants filed a motion to dismiss for failure to serve summons within 120 days on August 13, 2008 (Docket No. 58) arguing that Plaintiff failed to show "good cause" for its failure to serve for over a year which warrants the dismissal of the case pursuant to Fed. R. Bankr. P. 7004(e) and pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  At a hearing held on August 15, 2008 Plaintiff again agreed that service of process had been improper and agreed to have this court set aside the default entered.  At that time this court granted the motion to set aside the entry of default and gave Plaintiff time to respond to the motion to dismiss (Docket No. 61). Nothing was said then regarding the issuance of new summons and the time requested to serve the referred defendants or any other ones.  Plaintiff opposed the motion to dismiss on August 25, 2008 (Docket No. 63) and a reply and a sur-reply followed.  On September 24, 2008 and again on September 30, 2008 co-defendants Arturo Lamarche, Juan Mieses and Maxon Engineering Incorporated, S.A. also filed a motion to set aside the entry of default against them (Docket Nos. 75 and 80).  On October 10, 2008 Plaintiff filed a response to the motion to set aside the entry of default stating that she agrees that the default be set aside and requested that new summons be issued and 30 days to serve the referred co-defendants.

On November 20, 2008 an order was entered denying the motion to dismiss filed by Karem and Alexa Mieses, Joel Morales, KEMM Consulting Group Corp  (Docket No. 112).  The

court stated that there was good cause and/or excusable neglect for Plaintiff's failure to duly serve summons within 120 days as she was induced to believe that attorneys in the Dominican Republic could be served on behalf of the defendants and also Plaintiff had relied on the court's prior decision finding that defendants were in default and in contempt for failure to attend certain depositions. On that same date the court granted the motion to set aside default filed by Arturo Lamarche, Juan Mieses and Maxon Engineering Incorporated, S.A. (Docket No. 114) and granted Plaintiff's request for 30 days to serve summons on defendants (Docket No. 113).

On December 30, 2008 Plaintiff filed a certificate of service which provided that on December 29, 2008 and in accordance with Fed. R. Civ. P. 5 and Rule 4.4 of the Rules of Civil Procedure for the Commonwealth of Puerto Rico made applicable through Fed. R. Bankr. P. 7005, the Plaintiff served the defendant G&G.

The complaint filed in this case raises causes of action under 11 U.S.C. §§ 544, 547, 548, 549, 550, 541 and 542, and based on fraudulent conveyance dispositions, breach of contract and tort under the Civil Code of Puerto Rico. The caption of the complaint includes G&G as a defendant, however G&G is not included among the parties described in the allegations #4 through #23. The thirteenth cause of action found on page 16 of the complaint provides the following:

> 95. We incorporate by reference all previous paragraphs of this complaint.
> 96. Trustee hereby claims the right to request all party defendants to account and disclose all information regarding the transfer of properties mentioned in this complaint.
> 97. Mr. Juan Mieses was the principal shareholder of a corporation by the name of G&G Developers Corp.
> 98. The principal or sole asset of said entity is a real estate property.
> 99. Upon information and belief, the acquisition of said property was done through a transfer of funds ("$150,000.00"), by the Debtor which only benefitted Mr. Juan Mieses.
> 100. Upon information and belief there were other payments done by the Debtor for the benefit of Mr. Mieses related to G&G Developers.
> 101. Debtor is entitled to receive and recover back to Debtor's estate all funds paid by the Debtor for the personal benefit of Mr. Juan Mieses.
>
> Wherefore, plaintiffs demand judgment directing defendants to return to Debtor's estate the payments received and claimed through the different causes of action identified in this complaint, which are added to this pleading by incorporating and making part of it, all of the causes of action hereinabove presented, together with the costs, expenses and disbursements, including but not limited to attorneys fees, incurred in this process.

6

Complaint, Docket No. 1, page 17 - 18.

## Applicable Law and Analysis

*Service of Process*

Fed. R. Civ. P. 4(m) made applicable here through Fed. R. Bankr. P. 7004(a)(1) sets the time limit for service of process in adversary proceedings by providing as follows:

> **Time limit for service.** If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

G&G's motion to dismiss is also based on Fed. R. Civ. P. 41(b) made applicable here through Fed. R. Bankr. P. 7041 which provides for the dismissal of the case for failure to prosecute.

> **Involuntary dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Plaintiff in turn responds that under Fed. R. Bankr. P. 9006(b) "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion ...(2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  The Supreme Court in <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380 (1993) found that the determination of whether a neglect is "excusable" is an equitable one taking into account the relevant circumstances surrounding the party's omission including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.  Upon the examination of these factors this court finds good cause and/or excusable neglect warranting an extension of the 120-day deadline.

As previously stated on November 20, 2008, upon consideration of a motion to dismiss based on the same arguments before us at this time, this court determined that there was good cause and/or excusable neglect for Plaintiff's failure to duly serve summons defendants within 120 days.  Plaintiff was induced to believe that attorneys in the Dominican Republic could be served on behalf of all defendants and also Plaintiff relied on this court's decision that defendants were in default and in contempt.  The fact that G&G is a local corporation does not change the fact that Mr. Mieses is or was an officer of said corporation and the corporation could have been served through him.  See, Fed. R. Civ. P. 4(h)[1].  In fact, Karem Mieses and Joel Morales, movants in the motion to dismiss, are both residents of the United States and KEMM Consulting Group, Corp., also a movant, is a local corporation, as is G&G.  As soon as the first group of defendants requested that this court set aside the entry of default, Plaintiff consented and requested the issuance of new summons and time to serve defendants.  The same request was made a few times before it was granted on November 20, 2008 and Plaintiff served G&G at the end of December, 2008.  Under these circumstances Plaintiff's delay was excusable; Plaintiff acted in good faith, the explanation of the reason for the delay is satisfactory, there is no evidence of prejudice to G&G other than the protracted proceedings and as to the length of the delay and the impact on the proceedings, they will be further delayed if G&G's position prevails, affecting all parties adversely.  See, Rivera-Siaca v. DCC Operating, Inc., 2009 WL 2392876 (D. Puerto Rico, August 5, 2009).  Consequently, this court does not find that the Plaintiff failed to prosecute or to comply with these rules or a court order, therefore the request for dismissal based on Fed. R. Civ. P. 41(b) is denied.

*Fed. R. Civ. P. 8(a)(2), (9b) and Dismissal under Fed. R. Civ. P. 12(b)(6)*

Rule 8(a) of the Federal Rules of Civil Procedure requires that:

---

[1] Fed. R. Civ. P. 4(h) made applicable here through Fed. R. Bankr. P. 7004 provides in part that: "a domestic or foreign corporation ...must be served: (1) in a judicial district of the United States: ...(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process ..."

8

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

...

(2) a short and plain statement of the claim showing that the pleader is entitled to relief;

Fed. R. Civ. P. 8(a) applicable here through Fed. R. Bankr. P. 7008. "The chief function of the pleadings under the Civil Rules is to give fair notice of the claim in order for the defendant to answer and prepare for trial." 10 Alan N. Resnick and Henry J. Sommer <u>Collier on Bankruptcy</u>, ¶7008.02[2] (15th Ed. Rev'd 12/2007). Rule 9(b) of the Federal Rules of Civil Procedure provides:

**(b) Fraud or mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b) made applicable here through Fed. R. Bankr. P. 7009. Rule 8(a)(2) which requires a short and plain statement of the claim, may appear to be in conflict with Rule 9(b) but it is not as Rule 9(b) should not be read to require pleading details of evidentiary matter. <u>Collier on Bankruptcy</u>, ¶7009.03. Moreover, "[w]hen a trustee in bankruptcy pleads a claim of fraud, cases have held that the Rule 9(b) requirement of particularity is relaxed. A persuasive reason to permit this relaxation is the trustee's inevitable lack of knowledge concerning acts of fraud previously committed against the debtor, a third party." *Id.*

Courts faced with the task of adjudicating motion to dismiss for failure to state a claim upon which relief may be granted, governed by Federal Rule of Civil Procedure 12(b)(6), must apply notice pleading requirements of Rule 8(a)(2). <u>Torres-Vazquez v. Commercial Union Ins. Co.</u>, 2004 WL 3354863 (D. Puerto Rico, December 20, 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 173 L. Ed. 2d. 868 (2009) citing <u>Bell Atlantic v. Twombly</u>, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. Thus, a "complaint must plead facts 'that raise a right to relief above the speculative

9

level'" Dixon v. Shamrock Fin. Corp., 522 F. 3d 76, 79 (1st Cir, 2008); Cook v. Gates, 528 F. 3d 42, 48 (1st Cir. 2008); Gray v. Evercore Restructuring L.L.C., 544 F. 3d 320, 324 (1st Cir. 2008); Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008); Perez Acevedo v. Rivero-Cubano at 29; Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F. 3d 315, 320 (1st Cir. 2008); Citibank Global Markets, Inc. v. Rodriguez Santana, –F. 3d – 2009 WL 2100215, C.A. 1 (Puerto Rico), July 17, 2009. "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

Plaintiff alleges that G&G, whose principal shareholder was Mr. Juan Mieses, bought its only asset, a real estate property, through a transfer of funds by the Debtor, only benefitting Mr. Mieses, and that there were other payments by the Debtor, related to G&G, for the benefit of Mr. Mieses. These allegations, while sparse, are enough to inform G&G of the nature of Plaintiff's claim, the facts upon which they are based and they adequately state a claim upon which relief may be granted, for fraudulent transfers, preferences and/or turnover of property of the estate, in compliance with Fed. R. Civ. P. 8(a).

Conclusion

In view of the foregoing the motion to dismiss filed by Co-defendant G & G Developers Corp. on February 23, 2009 is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of September 2009.

_____
ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge

10