IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 04-04781 |
| MAXON ENGINEERING SERVICES, INC. | : | |
| | : | CHAPTER 7 |
| Debtor | : | |
| _____ | : | |
| MAXON ENGINEERING SERVICES, INC. | : | |
| REPRESENTED BY ITS CHAPTER 7 TRUSTEE | : | ADV. NO. 07-00227 |
| NOREEN WISCOVITCH RENTAS | : | |
| Plaintiff | : | |
| vs. | : | |
| JUAN MIESES, ET AL. | : | |
| Defendants | : | |
| _____ | : | |
| KAREM MIESES, JOEL MORALES, THE | : | |
| CONJUGAL PARTNERSHIP CONSTITUTED | : | |
| AMONGST THEM, KEMM CONSULTING | : | |
| GROUP CORP. AND ALEXA MIESES[1] | : | |
| Defendants/Third-Party Plaintiffs | : | |
| vs. | : | |
| NOREEN WISCOVITCH, RICHARD ROE | : | |
| THE CONJUGAL PARTNERSHIP | : | |
| CONSTITUTED AMONGST THEM, JOHN | : | |
| DOE CORP., AND ABC INSURANCE CO. | : | |
| Third-Party Defendants | : | |
| _____ | : | |

---

[1] Although the caption of the Complaint does not include Ms. Alexa Mieses, the body of the Complaint includes her as a Third-Party Plaintiff represented, as the other Third-Party Plaintiffs, by Troncoso, Schell & Bobonis.

## OPINION AND ORDER

This case is before the court on the Motion to Dismiss Third-Party Complaint filed by Ms. Noreen Wiscovitch-Rentas (the "Third-Party Defendant" or the "Trustee") on February 20, 2009 (Docket No. 209). Ms. Karem Mieses, Mr. Joel Morales, their conjugal partnership and KEMM Consulting Group Corp. (collectively the "Third-Party Plaintiffs") filed an opposition to the motion to dismiss on March 2, 2009 (Docket No. 217) followed by the Trustee's reply on March 27, 2009 and Addendum to motion to dismiss on August 13, 2009 (Docket No. 274).

The complaint that initiated this adversary proceeding was filed by Ms. Noreen Wiscovitch-Rentas, the Chapter 7 Trustee for Maxon Engineering Services, Inc. (the "Debtor") on June 11, 2007 (the "Complaint") and is for the recovery of preferential transfers and property of the estate, avoidance of fraudulent transfers and breach of fiduciary duties pursuant to the provisions of the Bankruptcy Code. On February 6, 2009 the Third-Party Plaintiffs filed a Third-Party Complaint against the Trustee in her personal capacity (Docket No. 192). The Third-Party Complaint alleges that 1) the Trustee breached her duties under 11 U.S.C. § 704 because during the course of the administration and liquidation of the estate of the Debtor the Trustee failed to adequately protect the estate's assets and property causing loss, theft and destruction of property related to the estate under her custody; 2) the Trustee breached her duties under 11 U.S.C. § 704 by allowing property of the estate to deteriorate to the extent that what was once a valuable asset it has become a liability to the estate; 3) the Trustee breached her duties under 11 U.S.C. § 704 by conspiring with a creditor of the estate, United States Fidelity & Guarantee ("USF&G") against the interests of the Third-Party Plaintiffs incurring in a conflict of interest, including sharing

2

resources and expenses in the prosecution of the claims set forth in the Complaint against the Third-party Plaintiffs and others, and retaining as her attorney an attorney who worked for the firm that represented USF&G as claimant against this debtor while in chapter 11, and lastly; 4) the Trustee breached her duties under 11 U.S.C. § 704 by squandering assets of the estate in frivolous litigation incurring in hundreds of thousands of dollars in attorney's fees and luxury accommodations for attorneys in the Dominican Republic.

In her motion to dismiss the Trustee alleges that according to the <u>Barton</u> doctrine instituted by the Supreme Court in the case of <u>Barton v. Barbour</u>, 104 U.S. 126 (1881), before filing suit against a trustee in bankruptcy a plaintiff must seek leave of court, and because no leave to file suit against the Trustee was requested in this case the same must be dismissed. Also, the Trustee alleges that the Third-Party Plaintiffs do not have standing to sue the Trustee in representation of the estate or its creditors as they are not creditors and only a creditor has standing to sue in representation of the estate. The Trustee posits that once a trustee has been appointed a creditor has derivative standing to sue in representation of the estate only after approval from the bankruptcy court has been granted, thus, the claim for relief brought in representation of the estate and its creditors should be dismissed as the Third-Party Plaintiffs have no standing to pursue it and no permission from the court to file a derivative claim.

In their opposition the Third-Party Plaintiffs argue that a Chapter 7 trustee may be held liable for breach of her fiduciary duties without leave of court based on the case of <u>Mosser v. Darrow</u>, 341 U.S. 267 (1951) which held that a trustee may be held liable for breaches of fiduciary duty, and the First Circuit case of <u>In re Mailman Steam Carpet Cleaning Corp.</u>, 196 F.3d 1 (1st Cir. 1999) which held that "there is simply no principled way after <u>Moser</u> [sic] to avoid the

3

conclusion that a bankruptcy trustee can be personally liable for negligent breach of fiduciary duty." The Third-Party Plaintiffs further contend that they have standing to sue the Trustee in her personal capacity based on Fed. R. Bankr. P. 7014 because she appears in the complaint in a representative capacity, thus, any claim against her in her personal capacity must be asserted through a third party complaint. Furthermore, the Third-Party Plaintiffs assert that they may claim against the Trustee not only the damages suffered by them as a result of her conduct but also the damages caused by her tortious conduct to the estate in order to offset the damages claimed from the Third-Party Plaintiffs as defendants. Citing 3 Lawrence P. King, Collier on Bankrutpcy, ¶ 323.03[3], the Third-Party Plaintiffs state that "once a trustee files an adversary proceeding "[t]he trustee is, of course, subject to the same defenses as could have been asserted by the defendant had the action been maintained against a trustee for actions taken in the administration of the estate."

In her reply to the opposition and the addendum to the motion to dismiss the Third-Party Complaint the Trustee argues that the exceptions to the Barton doctrine addressed in the cases cited in their opposition by the Third-Party Plaintiffs do not apply to the facts in the present case. The Trustee states that the exception of the Barton doctrine codified in 28 U.S.C. § 959(a) does not apply here because such exception applies when the complaint is against the trustee in her representative capacity and not her personal capacity and when the allegations made in the complaint relate to acts or transactions in carrying business connected to property of the estate. Furthermore, the Trustee maintains that the Third-Party Plaintiffs have no standing to sue on behalf of the estate because they are not creditors, and even if they were, once a trustee has been appointed, a creditor has derivative standing to sue in representation of the estate only after

approval from the bankruptcy court has been obtained, and no court approval has been requested in this case. Lastly, the Trustee argues that the cause of action related to the frivolous filing of the present complaint causing damages to the Third-Party Plaintiffs, fails to state a claim upon which relief may be granted because our system does not recognize the existence of a cause of action for damages caused by the filing of a civil suit. Garcia v. E.L.A., 2005 TSPR 14.

Discussion

*The Barton Doctrine*

A trustee is the representative of the estate and has the capacity to sue and be sued. 11 U.S.C. § 323. In what has become known as the Barton doctrine no suit against the Trustee may be initiated for actions taken in the administration of the estate, without prior leave of court. Barton v. Barbour, 104 U.S. 126 (1881) (the Supreme Court ruled that common law bars suits against receivers[2] in courts other than the court charged with the administration of the estate and so before a suit against a receiver is brought, leave of the court by which the trustee was appointed must be obtained.); 3 Alan N. Resnick and Henry J. Sommer, Collier on Bankruptcy, ¶ 323.03[3][a] (15th Ed. Rev'd 6/2009). "The justification behind the rule is that the court that appointed the trustee has a strong interest in protecting him from unjustified personal liability for acts taken within the scope of his official duties." Collier on Bankruptcy, ¶ 323.03[3][a].

An exception to the Barton doctrine is codified in 28 U.S.C. § 959(a) which provides in its relevant part that : "Trustees ... of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in

---

[2] Barton involved a receiver, but this doctrine has been made extensive to bankruptcy trustees by the circuit courts including the First Circuit. See, Muratore v. Darr, 375 F.3d 140 (1st Cir. 2004).

5

carrying on business connected with such property." The question before the First Circuit in the case of Muratore v. Darr, 375 F.3d 140 (1st Cir. 2004) was whether the Barton doctrine bars an action brought by the principal of a debtor corporation against a trustee in the federal district court without permission of the bankruptcy court. In Muratore, the court was called upon to decide whether 28 U.S.C. § 959(a) applied to the facts of the case and it determined that "acts or transactions in carrying on business connected with" means "acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." Id. at 144 (citation omitted). For example, section 959(a) applies when a trustee is operating a business such as a retail store and is being sued in his representative capacity for a slip and fall, or the trustee continued the business of the debtor in operating a railroad and is sued for damages for use of another's tracks. Id. In the present case the Trustee is not operating the Debtor's business and the allegations against the Trustee in the Third-Party Complaint focus on her negligence in the preservation of the estate and non compliance with her fiduciary responsibilities as Trustee but not as to acts or transactions in carrying on the Debtor's business. "A chapter 11 trustee may not be sued for alleged misconduct in liquidating and administering the estate's property, as distinguished from operating the estate's business, without leave of the bankruptcy court." Irving Sulmeyer and Paul Maschmeyer, Collier Handbook for Trustees and Debtors in Possession, ¶4.07 (Matthew Bender & Co, Inc. 2009). Therefore, section 959(a) is inapplicable here.

The Barton doctrine is also inapplicable in this case because the action against the Trustee has been brought in the bankruptcy court and the doctrine applies when an action against a trustee is brought in a court other than the bankruptcy court. Such was the situation in the case of In re

<u>Mailman Steam Carpet Cleaning Corp.</u>, 196 F.3d 1 (1st Cir. 1999) where the First Circuit explained that over a century ago the Supreme Court barred suits against receivers in courts other than the court charged with the administration of the estate because if the litigants were free to sue the receivers in other courts it would effectively "take the property of the trust from [the receiver's] hands and apply it to the payment of the plaintiff's claim, without regard to the rights of other creditors or the orders of the court", consequently many courts have required leave from the bankruptcy court before allowing an action against a trustee to proceed in **another court**. <u>Id.</u> at 4 (citing <u>Barton</u> 104 U.S. at 129)(emphasis ours). The <u>Mailman</u> court concluded that this doctrine does not apply to proceedings in the court that is overseeing the administration of the bankruptcy estate. <u>Id.</u> at 5. Clearly then, the <u>Barton</u> doctrine does not apply in the present case filed before this court, as the Third-Party Plaintiffs did not need to obtain leave from this court to sue the Trustee in this court.

*Standing*

In her motion to dismiss the Trustee alleges that the Third-Party Complaint must be dismissed as the Third-Party Plaintiffs appear on behalf of the estate and only with leave of court may a party other than the trustee appear on behalf of the estate. The Complaint alleges that the Third-Party Plaintiffs Alexa and Karem Mieses are the daughters of Juan Mieses, the Debtor's former president and majority shareholder; Joel Morales is Karem's husband and Karem is an officer and shareholder of KEMM Consulting, Inc. None these parties have filed proof of claims in the Debtor's Chapter 7 case, thus none of them are creditors herein.

The following three claims for relief alleged in the Third-Party Complaint brought by the Third-Party Plaintiffs affect the estate and not the Plaintiffs personally, to wit, 1) in the

administration and disposition of the estate the Trustee allowed and permitted the loss, theft and/or destruction of property of the estate; 2) the Trustee allowed property of the estate to deteriorate to the extent that was once a valuable asset has become a liability to the estate; and 3) that the Trustee squandered assets of the estate in frivolous litigation incurring in hundreds of thousands of dollars in attorney's fees and luxury accommodations for attorneys in the Dominican Republic, all actions in violation of the Trustee's duties under 11 U.S.C. § 704.

A party must have standing to bring a suit in representation of the estate. Kagan v. El San Juan Hotel Corp et al (In re El San Juan Hotel Corp.) 149 B.R. 263, 271 (D. Puerto Rico 1992). Article III of the Constitution limits the judicial power of the United States to the resolution of "cases" and "controversies". Valley Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 471 (1982). The Supreme Court has stated that the power to declare the rights of individuals is legitimate only as a last resort and as required in the determination of real, earnest and vital controversy. Id. This limitation on federal jurisdiction gives rise to the standing doctrine, designed to assure that issues are presented to the court "in the context of a specific live grievance." American Postal Workers Union v. Frank, 968 F.2d 1373, 1374 (1st Cir. 1992). Therefore, standing is a threshold issue in every federal case which requires the court to inquire whether the plaintiff is entitled to have the court decide the merits of the dispute or of particular issues, part of which is to inquire whether the litigant has "alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." Warth v. Seldin, 422 U.S. 490, 498-499 (1975). At a mininum Art. III requires the party who invokes the court's power to show that 1) "he personally has suffered some actual or threatened injury as a result of

8

the putatively illegal conduct of the defendant," 2) "that the injury fairly can be traced to the challenged action" and 3) "is likely to be redressed by a favorable decision." Valley Forge, 454 U.S. at 472.  Thus, the standing inquiry has those three elements. American Postal Workers, 968 F.2d at 271.  The Third-Party Plaintiffs in the present case clearly lack standing to bring this suit in representation of the estate because the alleged injuries are injuries to the estate, they do not have any direct impact on these plaintiffs, and a favorable decision on this case will have no impact on these plaintiffs either.  See, El San Juan Hotel Corp. 149 B.R. at 272 (the district court of Puerto Rico determined that the debtor's ex-employee did not have standing to sue the estate's attorney for violations of 11 U.S.C. § 327 because the injury was to the estate generally and had no direct impact on the plaintiff.)  Therefore, the Third-Party Plaintiffs lack standing to bring the referred three claims for relief brought forth in the Third-Party Complaint in representation of the estate and the same are dismissed.  Only the claim for relief brought forth by the Third-Party Plaintiffs personally survives, that is, that the Trustee breached her duties under 11 U.S.C. § 704 by conspiring with a creditor of the estate, USF&G, against the interests of the Third-Party Plaintiffs incurring in a conflict of interest, including sharing resources and expenses in the prosecution of the claims set forth in the Complaint against the Third-party Plaintiffs and others, and retaining as her attorney an attorney who worked for the firm that represented USF&G as claimant against this debtor while in chapter 11.

<u>Conclusion</u>

In view of the foregoing the Motion to Dismiss Third-Party Complaint filed by the Trustee is granted in part and denied in part.  The Clerk shall enter partial judgment dismissing the following claims for relief asserted in the Third-Party Complaint:

1)  in the administration and disposition of the estate the Trustee breached her duties under 11 U.S.C. § 704 by allowing and permitting the loss, theft and/or destruction of property of the estate;

2) as a result of her breach of the duties set forth in 11 U.S.C. § 704 the Trustee allowed property of the estate to deteriorate to the extent that was once a valuable asset has become a liability to the estate;

3) the Trustee breached her duties under 11 U.S.C. § 704 by engaging in frivolous litigation which has resulted in a substantial depletion of the assets of the estate as a result of the expenses associated with said frivolous litigation and the manner in which the estate's assets have been squandered by the Trustee's attorneys in the prosecution of said frivolous litigation.

SO ORDERED.

In San Juan, Puerto Rico, this 12th day of February 2010.

ENRIQUE S. LAMOUTTE
U. S. Bankruptcy Judge